WITTERS, Receiver, etc., *v.* SOWLES, Ex'r, etc., and others.

*(Circuit Court, D. Vermont.*   August 7, 1886.)

EVIDENCE—MATERIALITY.
    Order filed compelling the witness, wife of the executor, trustee, etc., to make a disclosure as to the assets of the estate, the evidence contemplated being material, within the scope of the bill.

In Equity.
*Chester W. Witters,* for orator.
*H. C. Adams,* for defendant.

WHEELER, J.   The orator has called the defendant Margaret B. Sowles as a witness, who is made fully competent by statute, notwithstanding that her husband is a party. Rev. St. § 858; Rev. Laws Vt. § 1005; *Witters v. Sowles, ante,* 121.   As such witness she has been called upon to testify as to the assets of the estate which have come from her husband, as executor of the will of Hiram Bellows, to her hands, either as residuary legatee, or as trustee for her daughter Susan Bellows Sowles, or as general or specific legatee in her own right.   She has declined upon the ground that such disclosure of the assets is not material to any issue in the case, for the purposes of a decree.   The scope of the bill is, however, broad enough to reach any of the assets of the estate, wherever they are. Thirty shares of the stock of the bank stand in the name of the executor on the books of the bank.   The assets of the estate, wherever they may be, are apparently liable for the assessment on these shares, amounting to $3,000.   The bill is drawn in the aspect that the other 400 shares belonging to the testator in his life-time really belong to the executor, yet so that he is the shareholder in fact.   Whether this is so or not, is yet an open question.   If it turns out to be so, then the assets may be followed for the assessment on those shares, which amounts to $40,000 more.   The orator is entitled to take testimony as to the situation of the assets, in view of the contingency that they may be wanted for that.   Therefore this testimony which he seeks is material, and she has no right to refuse to answer on the ground that it is immaterial.   He has a right to full disclosure as to the assets, and to have them produced, in case they are within reach, for identification, and for the purpose of showing how and by whom they are held.

It is ordered, therefore, that the witness make full answer as to the assets, and produce them, as far as practicable, for identification.